IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DIPLOMAT CONSTRUCTION, INC., | : | CASE NO. 09-68613-MGD |
| | : | |
| Debtor. | : | |

### TRUSTEE'S MOTION FOR APPROVAL OF AGREEMENT TO SATISFY AT DISCOUNT ESTATE'S JUDGMENTS AGAINST MUKESH C. PATEL a/k/a MIKE PATEL AND RAJESH C. PATEL a/k/a R.C. PATEL

COMES NOW the Trustee in the above-captioned case, Paul H. Anderson, Jr., and represents to the Court as follows:

1.   Among the assets of the bankruptcy estate are judgments under 11 U.S.C. §§ 547(b) and 550(a) ("the Judgments") as follows:

   a.   Against Mukesh C. Patel, a/k/a Mike Patel ("Mike Patel") in the amount of $248,367.36 for avoidance and recovery of transfers made to him during the four year period prior to the filing of the Debtor's Chapter 11 petition on April 3, 2009. Judgment was entered on August 26, 2013 in Adversary Proceeding No. 11-5609, which is captioned *Paul H. Anderson, Jr. as Trustee, Plaintiff v. Mukesh C. Patel, a/k/a Mike Patel, Defendant.*

   b.   Against Rajesh C. Patel a/k/a R.C. Patel ("R.C. Patel") in the amount of $248,367.36 for avoidance and recovery of transfers made to him during the four year period prior to the filing of the Debtor's Chapter 11 petition on April 3, 2009. Judgment was entered on August 26, 2013 in Adversary Proceeding No. 11-5610, which is captioned *Paul H. Anderson, Jr. as Trustee,*

04020351-

*Plaintiff v. Rajesh C. Patel, a/k/a R.C. Patel, Defendant.*

2. After the Judgments were entered, the Trustee searched for assets in the name of Mike Patel or R.C. Patel. He was unable to find any of significant value. He subpoenaed various documents. Upon suspicion of possible fraudulent transfer, the Trustee filed an adversary proceeding in this Court against the wives, Hasmita Patel and Shama Patel, and actions in state court against the son and niece to avoid and recover alleged transfers which were defended on the basis that they are barred by the statute of limitations.

3. This Court abstained from hearing the Trustee's complaint to avoid and recover the transfers to the wives, Anderson v. Patel (In re Diplomat Construction, Inc.), No. 14-5093 (Bankr. N.D. Ga. May 20, 2014), and stated that the Trustee may pursue his claims in state court. The Court observed that whether or not the Trustee's claims are "barred by the statute of limitations or otherwise, and whether equitable tolling is permitted" may involve difficult legal determinations.

4. The Trustee filed an action in the State Court of Gwinnett County against Sonial Patel, Case No. 14-C-03200-S2 on June 18, 2014. According to the docket, on June 25, 2014 the sheriff tried to serve the summons and complaint on Mr. Patel, but was told that he had recently moved to New York.

5. The Trustee filed an action in the State Court of DeKalb County against Ayesha Patel, Case No. 14A51919-3 on June 18, 2014. According to the docket, on June 25, 2014 the sheriff tried to serve the summons and complaint on Ms. Patel, but was told by her father that she had moved to London.

6. Subject to the Court's approval, Movant and Mike Patel and R.C. Patel, through their attorney, have agreed that Mike Patel and R.C. Patel may satisfy the estate's Judgments

04020351-

against them at a discount and settle the claims against their wives and family raised in the adversary proceeding and the cases in state court filed by the Trustee to collect the Judgments. Under the agreed terms, Mike Patel and R.C. Patel will collectively pay over to the Trustee the lump sum of $30,000.00 in full and final satisfaction of the Judgments, which funds are being held in escrow for this purpose by their attorney.

7. In support of this motion, Movant provides the following for the Court's consideration in addressing the factors required to be considered under *Wallis v. Justice Oaks, II Limited (In re: Justice Oaks, II, Limited)*, 898 F. 2d 1544 (11th Cir. 1990):

### a. Probability of Success on the Merits

As this Court observed, the case against the wives involves determinations regarding the statute of limitations and equitable tolling. It is unclear whether the transfers to the wives were legitimate or fraudulent. It is further unclear whether the wives made further transfers or bonafide sales with sufficient consideration of the interests in the entities they received from Mike Patel and R.C. Patel, which may further complicate the case. In the two state court actions the Trustee has been unable to serve the defendants and does not know where they are. The statute of limitations will run in January 2015 if it has not yet expired.

### b. Collection Difficulties

The Trustee anticipates that he will continue to experience substantial trouble, expense and delay in attempting to collect the Judgments. Several judgments totaling millions of dollars have been entered against Mike Patel and R.C. Patel in favor of other parties, including at least one creditor in this case, and there are cases against them currently pending. The Trustee anticipates that collecting judgments against their wives will be equally difficult. The Trustee does not know if any judgment obtained against Sonial Patel or Ayesha Patel will be collectible.

04020351-

    c.    **Complexity, Expense, Inconvenience and Delay**

As described above, continued collection will be complicated and expensive.

    d.    **Interest of Creditors**

Movant believes that the proposed settlement will be in the best interest of creditors in that the expenses of post-judgment collection efforts will be ended and funds sufficient to reimburse a significant portion of the expenses incurred by the estate in securing the Judgments will be recouped.

8. Upon approval, this settlement fully satisfies the judgments against Mike and R.C. Patel. The Trustee releases all claims associated with these judgments, including fraudulent transfer claims against Mike and R.C. Patel's wives and children. Upon approval of this settlement and payment by the Mike and R.C. Patel, the Trustee will dismiss the State Court Actions against Sonial and Ayesha Patel with prejudice.

9. In summary, Movant believes that the proposed settlement is reasonable under the circumstances, will spare the estate the trouble, expense and delay of continued collection efforts, and will otherwise be in the best interest of the estate.

WHEREFORE, Movant prays that the proposed agreement be approved after notice and hearing as required by law.

                                                        Paul H. Anderson Jr.
                                                        Trustee in Bankruptcy
                                                        Georgia Bar No. 017825

Two Piedmont Center, Suite 315
3565 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 495-5380

04020351-

## CERTIFICATE OF SERVICE

I, Paul H. Anderson, Jr., certify that I have served a copy of the foregoing **Trustee's Motion for Approval of Agreement to Satisfy at Discount Estate's Judgments Against Mukesh C. Patel, A/k/a Mike Patel and Rajesh C. Patel a/k/a R.C. Patel** upon each of the following:

> Office of the United States Trustee
> Room 362 Richard B. Russell Building
> 75 Spring Street, S.W.
> Atlanta, Georgia 30303
>
> Mr. Mukesh C. Patel
> 2860 Cravey Drive, N.E.
> Atlanta, Georgia 30345-1420
>
> Mr. Rajesh C. Patel
> 2253 Grady Ridge Trail
> Duluth, GA 30097-5249
>
> Frank B. Wilensky, Esquire
> Macey, Wilensky, Kessler & Hennings, LLC
> Suite 2700
> 230 Peachtree Street, NW
> Atlanta, Georgia 30303-1561

by depositing a copy of the same in the United States Mail in an envelope properly addressed with sufficient postage to assure delivery.

This 18th day of September, 2014.

Paul H. Anderson, Jr.
Georgia Bar No. 017825

Two Piedmont Center, Suite 315
3565 Piedmont Road, N.E.
Atlanta, Georgia 30305
(404) 495-5380

04020351-